**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Runi, James

Case No.: 18-30908 WJF

CHAPTER 13 PLAN    ☒ Modified

Dated: August 23, 2018

Debtor.

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | Included | Not Included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☒ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:**

| 2.1 | As of the date of this plan, the debtor has paid the trustee | $0.00 | |
|---|---|---|---|
| 2.2 | After the date of this plan, the debtor will pay the trustee 100/185 per month for 4/56 months beginning in April (mo.) of 2018 (yr.) for a total of $10,760.00. The initial plan payment is due not later than 30 days after the order for relief. | | |
| 2.3 | The minimum plan length is ☐ 36 months  or  ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time. | | |
| 2.4 | The debtor will also pay the trustee | | |
| 2.5 | The debtor will pay the trustee a total of | $10,760.00 | [lines 2.1 + 2.2 + 2.4]. |

**Part 3. PAYMENTS BY TRUSTEE:**
The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or

$1,076.00    [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):**
The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1. | | | | |
| | TOTAL | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**
The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| 5.1. | | |

**Part 6. CLAIMS NOT IN DEFAULT:**

Case Number: 18-30908 WJF

Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| + − | 6.1. | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| + − | 7.1. | | | | | |
| | | | | | TOTAL | |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| + − | 8.1. | | | | | | |
| | | | | | | TOTAL | |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):**
The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured claim | Int. rate | Beginning in month # | Monthly payment | x Num of pmts. | = Plan pmts. | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| + − | 9.1. | | | | | | | | | |
| | | | | | | | | | TOTAL | |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):**

The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | x Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| + − | 10.1. | | | | | | | | |
| | | | | | | | | TOTAL | |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):**

The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1. | Attorney fees | $3,275.00 | $90/166.50 | 1/5 | 22 | **$3,275.00** |
| 11.2. | Internal Revenue Service | $4,813.00 | Pro Rata | | | **$4,813.00** |
| 11.3. | MN Dept. of Revenue | $1,058.00 | Pro Rata | | | **$1,058.00** |
| | TOTAL | | | | | **$9,146.00** |

### Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:

The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 12.1. | | | | | | |
| | TOTAL | | | | | |

### Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:

In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: [            ]

The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | Creditor | Estimated claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 13.1. | | | | | | | |
| | TOTAL | | | | | | |

### Part 14. TIMELY FILED UNSECURED CLAIMS:

The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately

$538.00   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

| 14.1 | The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are | |
|---|---|---|
| 14.2 | The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are | $117,874.00 |
| 14.3 | Total estimated unsecured claims are [lines 14.1 + 14.2] | $117,874.00 |

### Part 15. TARDILY-FILED UNSECURED CLAIMS:

All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

### Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:

Case Number:   18-30908  WJF            Page 3 of 5

The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays §§362(a) and §§1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of property |
|---|---|
| 16.1. | |

**Part 17. NONSTANDARD PROVISIONS:**
The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

17.1.   -To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Child Support Collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify and enforce the debtor's current ongoing child support obligation, including medical support and child care, including wage withholding

17.2.   -If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease making mortgage payments pursuant to Paragraph 5 and/or 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan.

17.3.   -Claims filed as secured, but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.

17.4.   -Debtor(s) shall be entitled to the first $1200 for an individual Chapter 13 debtor and $2000 for married Chapter 13 debtors, of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200, or $2,000.

17.5.   -Pursuant to 11 USC Sec. 1305(a)(1), claims for post-petition federal income taxes due to the Internal Revenue Service (IRS) for the year in which the case was filed are to be included in the plan and paid by the Trustee.

17.6.   -If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general, unsecured claim.

17.7.   -Secured creditors are authorized to and shall continue to send the debtor(s) billing statements unless the Plan provides for surrender of the collateral.

17.8.   -The Trustee may distribute additional sums not expressly provided at the trustee's discretion.

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $1,076.00 |
| Home mortgages in default [Part 7] | |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | |
| Secured claims excluded from § 506  [Part 10] | |
| Priority claims [Part 11] | $9,146.00 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part  13] | |
| Timely filed unsecured claims [Part 14] | $538.00 |
| TOTAL (must equal line 2.5) | $10,760.00 |

Case Number:   18-30908  WJF            Page 4 of 5

Local Form 3015-1(12/17)

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: ___/s/ James Runi____
Debtor 1

Signed: __/s/ Andrew Walker__
Attorney for debtor or debtor if pro se

Signed:_____
Debtor 2 (if joint case)

Case Number: 18-30908  WJF

Page 5 of 5

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

IN RE: Runi, James                                              Case No. BKY: 18-30908

Chapter 13 Case

Debtor(s),

NOTICE OF CONFIRMATION HEARING
AND NOTICE OF MODIFIED PLAN

To: The Chapter 13 Trustee, The U.S. Trustee, and the other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the Confirmation Hearing in this case set forth below.

2. The court will hold a hearing on this motion at 10:30 a.m. on September 27, 2018, in Courtroom 2B, Warren Burger Federal Courthouse, 316 North Robert St., Saint Paul MN, 55101, before the honorable William J. Fisher, Bankruptcy Judge.

Dated: August 23, 2018

/e/ Curtis K. Walker
Curtis K. Walker #113906
Andrew C. Walker #392525
Bennett G. Hartz #33136
Alyssa F. George #396799
Attorney for Debtor(s)
4356 Nicollet Ave
Minneapolis, MN 55409
(612) 824-4357

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE: Runi, James                                                    Case No. BKY: 18-30908

Chapter 13 Case

Debtor(s),

UNSWORN CERTIFICATE OF SERVICE

    I, Darcee McKinnon, Declare under penalty of perjury that on August 23, 2018, I mailed copies of the foregoing Modified Plan, Notice of Modified, plan, and Notice of Confirmation Hearing by first class mail, postage prepaid, or by electronic mail using ECF, to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
Chapter 13 Trustee
310 Plymouth Building
12 South Sixth Street
Minneapolis, MN 55402

All creditors on the attached list

Executed on:  August 23, 2018                          /e/ Darcee McKinnon

Affinity Plus Federal Credit Un
175 West Lafayette Frontage Roa
St. Paul   MN 55107

Fairview Health Services
PO Box 9372
Minneapolis MN 55440

RPM
20816 44th Ave W
Lynnwood WA   98036

AT&T
1801 Valley View Lane
Farmers Branch, TX 75234

Foley and Mansfield
250 Marquette Ave Ste 1200
Minneapolis MN   55401

The Cash Store
2107 Coulee Road
Hudson, WI 54016

Bullseye Financial
PO Box 60
Monticello MN 55362

Frontier Communications
Frontier Central Region
14450 Burnhaven Drive
Burnsville MN 55306

US Department of Education Nati
PO Box 1027
Skokie IL 60076-1027

Capital One Bankruptcy
PO Box 30285
Salt Lake City UT   84130 3285

HSN/Comenity
Bankruptcy Department
PO Box 183043
Columbus OH   43218-3043

CenterPoint Energy
PO Box 1700
Houston, TX. 77251-9857
Attn: Credit Dept. CNP-T32

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Christopher and Banks
Comenity
PO Box 182273
Columbus OH 43218-2273

Law Offices of Curtis K. Walker
4356 Nicollet Ave So
Minneapolis, MN 55409

Comenity Bank
Bankruptcy Correspondence
PO Box 182125
Columbus OH 43218 2125

Messerli & Kramer
3033 Campus Drive Suite 250
Plymouth MN   55441

CountryPlace Mortgage
PO Box 202742
Dallas, TX 75320-2742

Minnesota Department of Revenue
551 Bkcy Section
PO Box 64447
St Paul MN 55164

Dakota Electric
4300 220th Street W
Farmington MN 55024 9583

Portfolio Recovery Associates L
120 Corporate Blvd Ste 400
Norfolk VA 23502

DS Erickson & Associates
920 2nd Ave S
Suite 800
Minneapolis MN   55402

Royal Credit Union
PO Box 970
Eau Claire WI   54702

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Runi, James

# SIGNATURE DECLARATION

**(For use in electronically filed cases only)**

Debtor(s)                                           Case No. 18-30908

___PETITION, SCHEDULES & STATEMENTS
___CHAPTER 13 PLAN
___VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
_X_AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
___MODIFIED CHAPTER 13 PLAN
___OTHER (please describe:_____)

I [WE], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct.

3. [individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 8/23/18

X_____          X_____
Signature of Debtor 1 or Authorized Representative     Signature of Debtor 2

_____          _____
Printed Name of Debtor 1 or Authorized Representative    Printed Name of Debtor 2